**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **3:11-CR-0017-M-1** |
| | § | |
| **LORNA MOSETI, #77629-083,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant, a federal prisoner, filed a *pro se Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)*, which was referred to the Magistrate Judge for determination or recommendation. [Crim. Doc. 114]. For the reasons that follow, it is recommended that the motion be denied.

**I. BACKGROUND**

Defendant was convicted of conspiracy to commit mail fraud and wire fraud, and was sentenced to 120 months' imprisonment and a two-year term of supervised release, and ordered to pay $1,502,940.53 in restitution. *United States v. Moseti*, 3:11-CR-017-M-1 (N.D. Tex. 2012), *appeal dismissed as frivolous,* 536 Fed. Appx. 499 (5th Cir. Jul. 2013). She unsuccessfully sought relief under 28 U.S.C. § 2255 and to reduce her sentence. *See Moseti v. United States*, No. 3:13cv3562-M-BK, 2013 WL 6172127 (N.D. Tex. 2013) (denying section 2255 motion, which challenged, *inter alia,* the application of the United States Sentencing Guidelines); *Moseti v. United States*, No. 3:14-CV-1273-M-BK (N.D. Tex. 2014) (denying motion to reduce sentence under both Fed. R. Civ. P. 60(b)(6) and 18 U.S.C. § 3582(c)(2) and, insofar as defendant sought section 2255 relief, dismissing motion for want of jurisdiction for

failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive application).

## II. ANALYSIS

In the instant motion for relief from judgment, Defendant again seeks relief under Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure, challenging both the loss amount and the "extreme disparity" of her sentence. [Crim. Doc. 114 at 1-2]. Civil Rule 60,[1] however, "simply does not provide for a relief from judgment in a criminal case." *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999); *see also United States v. Flores*, 380 Fed. Appx. 371, 372 (5th Cir. 2010) (unpublished per curiam). "A criminal conviction can be attacked by motion under 28 U.S.C. § 2255, but only for errors of constitutional dimension." *O'Keefe*, 169 F.3d at 289.

In support of her motion, Defendant relies on *Gonzalez v. Crosby*, 545 U.S. 524, 530-532 (2005), Rule 37 of the Federal Rules of Criminal Procedure, and *Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309, 1319 (2012). [Crim. Doc. 114 at 1-2]. That reliance is misplaced, however, because Defendant does not "attack 'some defect in the integrity of the Federal habeas proceeding," but rather the underlying conviction in her criminal case. Thus, the holding in *Gonzalez v. Crosby* is inapposite. Moreover, since her direct criminal appeal was dismissed in July 2013, Rule 37, which concerns the court's authority to rule on a motion barred by a pending appeal, is not applicable. Likewise, the holding in *Martinez v. Ryan*, relating to the procedural default of <u>state</u> prisoners' ineffective assistance of counsel claims based on a <u>state</u> rules, is inapplicable to federal prisoners who, like Defendant, seek to challenge their federal convictions.

---

[1] Rule 60 governs relief from final judgment in the event of, *inter alia*, mistake, excusable neglect, surprise, fraud, misrepresentation, misconduct by an opposing party, newly discovered evidence, void judgment, and "any other reason that justifies relief." FED. R. CIV. P. 60(b)

*See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012) (declining to extend *Martinez* to section 2255 proceedings); *United States v. Guillory*, 2013 WL 4782211 (W.D. La. Sept. 5, 2013) (same, collecting district court cases).

Next Defendant asserts that she received ineffective assistance of counsel. [Crim. Doc. 114 at 2]. Even if her motion is liberally construed as seeking relief under section 2255, the Court lacks jurisdiction to entertain it. The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a defendant may file a second or successive application for federal habeas relief. *See* 28 U.S.C. §§ 2255(h) and 2244(b). In general, to raise a new claim, the defendant must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*).

Before a defendant may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A)-(B). The Court of Appeals has not issued an order authorizing this Court to consider a successive section 2255 motion in this case. Because Defendant must obtain such an order before she can file a successive application challenging her conviction and sentence, her request for section 2255 relief should be dismissed without prejudice for want of jurisdiction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's motion for relief from

judgment under FED. R. CIV. P. 60(b) [Doc. 114] be **DENIED**.  Insofar as Defendant seeks relief under 28 U.S.C. § 2255, it is recommended that her motion be **DISMISSED without prejudice** for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.

The Clerk of the Court should be **directed** to open for indexing purposes a new section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to the same District Judge and Magistrate Judge as the criminal case), and to close the same on the basis of this order.

SIGNED August 28, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE